Matter of the Application to Punish John Anderson
Leach, for a Contempt in Refusing to be Sworn as
a Witness, in the Matter of the New York State
Legislative Committee to Investigate the Affairs of
the City of New York.

(Supreme Court, New York Special Term, June, 1921.)

Witnesses — legislative committees — right to delegate its power
must be found in resolution — sub-committee of one to investi-
gate unauthorized — when witness not subject to punishment
for contempt.

The power of a committee of the legislature to ·delegate its
power, if any such right exists, must be found in the express
provision of the resolution pursuant to which the committee
was appointed and may not be read into the resolution by
judicial construction and interpretation.

Where by a resolution of a committee to investigate, its
chairman was appointed a committee of one to appoint sub-
committees and not to investigate, a motion to punish, as for
contempt, a witness duly subpoenaed before said chairman for
refusing to be sworn before him, must be denied.

The resolution of the legislature appointing the committee of
investigation could not and did not repeal section 61 of the
Legislative Law which declares: " Whenever any standing com-
mittee of either house of the legislature shall be required to
make an inquiry or investigation such committee may appoint
a sub-committee of not less than three of its own members to
make such investigation, etc.," and the power to appoint sub-
committees may not be delegated to an individual member of
the whole committee.

Motion to punish for contempt.

John P. O'Brien, corporation counsel, for the city of
New York.

Elon R. Brown, Samuel A. Berger and Leonard M.
Wallstein, for joint legislative committee.

Whitaker, J.   Motion to punish a subpoenaed wit-
ness for contempt for refusal to be sworn before an
individual member of the legislative committee.   The
resolution of the legislature, in so far as it is material

to the question, provides as follows: " The committee may at any time and from time to time by resolution of a majority of its members be subdivided into subcommittees of such number as it may by majority determine, which subcommittees may sit at the same time and place or at different times and places in the State of New York during the session of the Legislature, during its recess or after adjournment, each subcommittee to appoint its own chairman and to act by majority vote of its own members, and to administer oaths and to issue subpoenas requiring the attendance of witnesses and the production of books, papers and documents, and to do all other acts and things that may be done by the committee as a whole or that may be delegated to it by the full committee." Pursuant to that power the whole committee passed the following resolution: " *Resolved* that the committee hereby designates the chairman as a subcommittee of this committee, and authorizes the chairman to appoint so many additional such subcommittees as he may determine, consisting of one or of three members each, as may be determined by the chairman. The chairman as such subcommittee and such other subcommittees as the chairman may appoint shall have and shall exercise all of the powers provided with reference to such subcommittees by the joint resolution constituting this committee, provided, however, that the subject matter to which the jurisdiction of any such subcommittee shall attach may be limited as specified in writing by the chairman." The chairman was not appointed by this resolution a committee of one to investigate, but a committee of one to appoint subcommittees. Had the resolution intended to appoint him a committee to investigate with no directions or limitations, the resolution would have amounted to a delegation of the entire power of the committee to one individual member. Acting under this resolution to appoint subcommittees, the chairman appointed

himself a subcommittee of one and proceeded to conduct the investigation. This power to appoint subcommittees could not, under the terms of the original resolution, be delegated to one of its individual members. Moreover, section 61 of the Legislative Law provides as follows: " Subcommittees. Whenever any standing committee of either house of the legislature shall be required to make an inquiry or investigation, such committee may appoint a subcommittee of not less than three of its own members to make such inquiry or investigation, and to take testimony in relation thereto; and such committee or subcommittee and the chairman thereof shall respectively have all the powers and authority, which are conferred by law upon any committee which is authorized to send for persons or papers, or upon the chairman thereof." The joint resolution could not and did not repeal this statute. It would be contrary to usual custom, and in the court's opinion to sound public policy, in cases like the present for the committee to delegate its powers to one individual member in matters that require the exercise of judgment and discretion; at least, the right to so delegate its powers, if such right exists, should be found in the express provisions of the resolution. Such a power should not be read into the resolution by judicial construction and interpretation. It would serve no purpose upon the determination of this motion to discuss the various cases and precedents cited by the parties and to enter into an extended argument to sustain the conclusion to which the court has arrived, nor is it any part of the court's duty to make observations upon the motives of the respective parties. In so far as sitting in open or secret session, I think that is a matter entirely within the best judgment and discretion of the whole or a subcommittee.

Motion denied.